IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES CREST, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Crim. Act. No. 20-55-RGA |
| | : | Civ. Act. No. 22-873-RGA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

Charles Crest. *Pro se* Petitioner.

Alexander P. Ibrahim, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

**MEMORANDUM OPINION**

November 13, 2024
Wilmington, Delaware

*/s/ Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is Movant Charles Crest's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 49; D.I. 50) The Government filed an Answer in Opposition. (D.I. 57) For the reasons that follow, the Court will deny Movant's § 2255 Motion as meritless.

I. **BACKGROUND**

On October 6, 2020, Movant pled guilty to a one-count Information charging him with possession with intent to distribute 40 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.I. 22 at ¶ 1) The plea agreement included two stipulations: (1) the scope of Movant's criminal activity included over 400 grams of fentanyl; and (2) the Government would not oppose a two-level reduction in the Offense Level if Movant did not engage in conduct inconsistent with the acceptance of responsibility. Additionally, if Movant's Offense Level was Level 16 or greater, the Government agreed that Movant's Offense Level should be reduced by one additional level, for a total of three levels. (D.I. 22 at ¶ 4) Paragraph Five of the plea agreement stated Movant agreed not to ask for a sentence less than 120 months at the time of sentencing. (D.I. 22 at ¶ 5) And finally, Paragraph Nine contained the following express waiver of Movant's right to file a direct appeal and/or a collateral attack on his conviction and sentence:

> The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing - including but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves the right to do the following: (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the

> United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guidelines range that it determines at sentencing.

(D.I. 22 at ¶ 9)

On June 17, 2021, the Court sentenced Movant to 125 months of incarceration. (D.I. 48) On March 14, 2024, upon its own motion under 18 U.S.C. § 3582(c)(2), the Court *sua sponte* reduced Movant's sentence from 125 months to 104 months, "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)." (D.I. 59)

## II. DISCUSSION

The sole Claim in Movant's § 2255 Motion asserts that defense counsel provided ineffective assistance by negotiating a plea agreement with an over-inclusive appellate/collateral waiver.[1] (D.I. 49; D.I. 50) For relief, Movant asks the Court to remove the "over inclusive clause of the waiver of rights and allow for future filing of writs or motions." (D.I. 50 at 8)

As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered

---

[1] Because the appellate/collateral attack waiver in Paragraph Nine of the plea agreement expressly exempts ineffective assistance of counsel claims, the Court can consider Petitioner's instant ineffective assistance of counsel argument. *See United States v. Phillips*, 396 F. App'x 831, 835 n.4 (3d Cir. 2010) (noting that the appellant could pursue his ineffective assistance of counsel claim in a collateral proceeding because the relevant appellate waiver expressly exempted ineffective assistance claims).

2

assistance. *Id.* at 688. Under the second ("prejudice") prong of the *Strickland* standard, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *See id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea (and appellate/collateral attack waiver), a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

### A. Defense Counsel Did Not Perform Deficiently

Movant contends that defense counsel performed deficiently by negotiating an overly extensive waiver of post-sentencing rights because: (1) the waiver language – "any collateral attack, or any other writ or motion after sentencing" – "has the prejudicial effect of permanently precluding [Movant] of many forms of sentence reductions based on future situations that could not be foreseen at the time of signing the plea agreement"[2] (D.I. 49 at 4); (2) Movant was not informed about the far reaching implications of the language "any collateral attack, or any other

---

[2]According to Movant:

> The waiver Counsel negotiated is so extensive that I am precluded from filing a motion for reduction of sentence (compassionate release) if extraordinary and compelling reasons arise; a motion for reduction of sentence (§ 3582(c)(2)) if the Sentencing Commission made retroactive changes to the Sentencing Guidelines; a writ of habeas corpus (§ 2241) if circuit law changes; or a writ of habeas corpus (§ 2255) if my previous criminal charges were vacated due to a change in law.

(D.I. 49 at 4)

3

writ or motion," demonstrating that Movant did not knowingly and voluntarily waive his appellate and collateral attack rights (D.I. 50 at 4-5); and (3) Movant received no benefit by waiving his appellate and collateral attack rights, and he could have entered a guilty plea to his offense of conviction without an appellate/collateral attack waiver (D.I. 50 at 4-5).

Movant's arguments are unavailing. First, the language in Movant's appellate/collateral attack waiver is similar, if not identical, to the language in appellate waivers that the Third Circuit has held to be permissible and enforceable. *See United States v. Khattack*, 273 F.3d 557, 560-61 (3d Cir. 2001) (enforcing a similarly worded appellate waiver that waived "the right to file any appeal, any collateral attack, or any other writ or motion after sentencing" and stating that "[w]aivers of the legal consequences of unknown future events are commonplace"); *United States v. Barnes*, 677 F. App'x 786, 787 (3d Cir. 2017) (enforcing a similarly worded appellate waiver in a plea agreement entered in the District of Delaware). This Court has also upheld and enforced similarly worded appellate/collateral attack waivers. *See, e.g., Pierce v. United States,* 2019 WL 276200, at *1,*4 (D. Del. Jan. 22, 2019); *Yurgin v. United States*, 2015 WL 729693, at *1, *4 (D. Del. Feb. 18, 2015); *Frazier v. United States,* 70 F. Supp. 3d 742, 744, 746 (D. Del. 2014); *Reynolds v. United States,* 2014 WL 6983354, at *1, *3 (D. Del. Dec. 9, 2014). Thus, contrary to Movant's argument, the language in his appellate/collateral attack waiver is not *per se* invalid and unenforceable which, in turn, means that defense counsel's failure to object to the language did not presumptively fall below an objective standard of reasonableness.

Second, a defendant's waiver of the right to appellate/collateral review rights is enforceable if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008*), abrogated on other grounds by Garza v. Idaho,* 586 U.S. 232 (2019). A defendant's waiver of the right to

4

appellate/collateral review is knowing and voluntary if "the district court inform[ed] the defendant of, and determine[d] that the defendant under[stood] . . . the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Id.* at 239. The transcript of the guilty plea hearing in this case demonstrates that Movant's waiver of his appellate/collateral review rights was knowing and voluntary. As mandated by *Mabry*, the transcript reflects that the specific terms of the Plea Agreement were explained to Movant, and the Court questioned Movant to confirm that he understood the meaning of the provisions. (D.I. 57-1 at 14) The Court assured that Movant was competent, and that he had a full opportunity to discuss the agreement with defense counsel and make an informed decision. Notably, the Court reviewed the appellate/collateral attack waiver paragraph with Movant in detail, and explained the rights he was relinquishing.[3] (D.I. 57-1 at 17-19) The Court provided an in-depth explanation as to what qualified for the "upward variance above the final Sentencing Guidelines range" exception to the waiver. (*Id.*) This exchange clearly demonstrates that Movant's plea in general, and the waiver in particular, was knowing and voluntary.

And third, the record belies Movant's assertion that he could have pled guilty to the offense of conviction without waiving his appellate and collateral rights, and that he received no benefit from entering a guilty plea with the appellate/collateral attack waiver at issue. Movant pled guilty to a felony Information charging him with possession with intent to distribute 40 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). This offense carries a five-year mandatory minimum. Yet, as indicated

---

[3] The Court explained the rights being given up as "all rights to complain about the sentence that I impose except for a few specific situations." (D.I. 57-1 at 17:11-13).

by the record and Paragraph 4 of the Plea Agreement, Movant could have been charged with possession with intent to distribute 400 grams or more of fentanyl, which carries a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). (D.I. 22 at ¶ 4; D.I. 41 at 3; D.I 57-1 at 10) By agreeing to the offense of conviction charged in the Information, Movant avoided both a higher mandatory minimum and a higher statutory maximum. (D.I. 57 at 7) Additionally, as noted by the Government, Movant benefitted from entering the guilty plea because he could have been charged with multiple controlled sales of fentanyl from April 9, 2020 through April 27, 2020. (D.I. 57 at 8) Aside from Movant's unsupported statement, nothing in the record indicates that the Government would have been willing to enter into a plea agreement that did not contain an appellate/collateral attack waiver.

For all the foregoing reasons, the Court concludes that: (1) the appellate/collateral attack waiver is valid and enforceable; and (2) Movant has failed to demonstrate that defense counsel performed deficiently in negotiating the valid and enforceable appellate/collateral attack waiver contained in his plea agreement.

### B. Movant Cannot Demonstrate Prejudice

Movant contends he has been prejudiced by the appellate/collateral attack waiver because he cannot obtain "many forms of sentence reductions based on future situations that could not be foreseen at the time of signing the plea agreement." (D.I. 49 at 4) Movant's allegation is insufficient to satisfy the *Strickland/Hill* requirement of prejudice, because he does not allege that he would not have pled guilty and would have insisted on going trial had defense counsel's representation concerning the appellate/collateral attack waiver been different. Instead, Movant essentially seeks to sever the appellate/collateral attack waiver from the Plea Agreement while keeping the Plea Agreement intact. Since, as previously explained, the appellate/collateral attack

6

waiver is valid and enforceable, Movant has failed to demonstrate prejudice under the *Strickland/Hill* standard.

Additionally, Movant cannot even demonstrate he was prejudiced in the manner he asserts. In March 2024, notwithstanding the appellate/collateral attack waiver in Movant's Plea Agreement, the Court *sua sponte* reduced Movant's sentence under 18 U.S.C. § 3582(c)(2) from 125 months to 104 months based on the "unforeseeable" lowering of a guideline sentencing range that has also been made "retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)." (D.I. 59)

Accordingly, the Court concludes that defense counsel did not provide ineffective assistance in negotiating the appellate/collateral attack waiver in Movant's Plea Agreement.

## III.   EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes an evidentiary hearing is not warranted.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a

7

constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion as meritless. The Court is persuaded that reasonable jurists would not find it debatable that the Motion is meritless. Therefore, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court will deny the instant § 2255 Motion without holding an evidentiary hearing or issuing a certificate of appealability. An appropriate Order will be entered.